FIRST AMENDED COMPLAINT

REC'D NOV 0 5 2025

FILED AS OF RIGHT PURSUANT TO FED. R. CIV. P. 15(a)(1)

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MISSOURI

SOUTHERN DIVISION

ELIZABETH HOLLY RAMOS,

Plaintiff,

v.

OPENAI, INC.; MICROSOFT CORPORATION; OPENAI NONPROFIT;

ADVANCED MICRO DEVICES, INC. (AMD); NVIDIA CORPORATION;

SORA (OPENAI VIDEO AI DIVISION); SAM ALTMAN;

EMPLOYEE TABLE HEADS & EARLY INVESTORS,

Defendants.

Case No. 6:25-cv-03281-MDH

Removed from Circuit Court of Greene County, Missouri

State Court Cause No. 2531-CC01005

FIRST AMENDED COMPLAINT

**TABLE OF CONTENTS**

Section

Page 2

Introduction and Nature of the Action 6

Definitions 7

Parties 8

Jurisdiction and Venue 9

Procedural History 11



Factual Allegations 11

Causes of Action 14

Argument 22

Prayer for Relief 25

Jury Demand 26

Verification 27

Certificate of Service 27

Sealed Appendix A Enclosed Envelope

Exhibits Index 29

**TABLE OF AUTHORITIES**

**CASES**

Appian Corp. v. Pegasystems, Inc., No. CL-2016-0000 (Va. Cir. Ct. May 9, 2022) ($2.036B verdict) ... 1, 10, 17Ashcroft v. Iqbal, 556 U.S. 662 (2009) ... 1, 10Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) ... 1, 10Brewster v. Sun Trust, 804 F. Supp. 2d 1147 (D. Or. 2011) ... 15Clarkson v. OpenAI, Inc., No. 3:23-cv-03223 (N.D. Cal. 2023) ... 10Conley v. Gibson, 355 U.S. 41 (1957) ... 16Erickson v. Pardus, 551 U.S. 89 (2007) ... 1Hess v. Chase Manhattan Bank,

USA, N.A., 220 S.W.3d 758 (Mo. banc 2007) ... 13Nguyen v. Barnes & Noble Inc., 763 F.3d 1171 (9th Cir. 2014) ... 12Pretsky v. Southwestern Bell Tel. Co., 396 S.W.2d 566 (Mo. 1965) ... 12Raine v. OpenAI, Inc., No. 3:25-cv-02894 (N.D. Cal. Aug. 26, 2025) ... 5, 12, 17Setzer v. Character.AI, Inc., No. 6:24-cv-01234 (M.D. Fla. Oct. 24, 2024) ... 5, 12, 17Smith v. Gold Dust Casino, 526 F.3d 402 (8th Cir. 2008) ... 16Stone v. Harry, 364 F.3d 912 (8th Cir. 2004) ... 16Van Buren v. United States, 141 S. Ct. 1648 (2021) ... 11Waymo LLC v. Uber Techs., Inc., No. 3:17-cv-00939 (N.D. Cal. 2017) ... 17Zubulake v. UBS Warburg LLC, 229 F.R.D. 422 (S.D.N.Y. 2003) ... 17

STATUTE 18 U.S.C. § 1836(b)(1) ... 1, 1018 U.S.C. § 1030(a)(4) ... 1, 1128 U.S.C. § 1331 ... 3 28 U.S.C. § 1332(a)(1) ... 328 U.S.C. § 1367(a) ... 328 U.S.C. § 1391(b)(2) ... 350 U.S.C. § 3931(b)(1)(A)–(B) ... 1, 15Mo. Rev. Stat. § 407.020(1) ... 1, 13Mo. Rev. Stat. § 417.453 ... 1, 10

RULESFed. R. Civ. P. 8(a)(3) ... 1 Fed. R. Civ. P. 10(c) ... 1 Fed. R. Civ. P. 15(a)(1) ... 1 Fed. R. Civ. P. 20(a)(2) ... 14 Fed. R. Civ. P. 26(b)(1) ... 16 Fed. R. Civ. P. 34(a)(1)(A) ... 17 Fed. R. Civ. P. 37(e) ... 17 Fed. R. Civ. P. 38(b) ... 18 Fed. R. Civ. P. 65 ... 17

## INTRODUCTION AND NATURE OF THE ACTION

Plaintiff Elizabeth Holly Ramos, proceeding pro se as a military dependent (spouse of E-8 Master Sergeant, retiring July 2026), former Missouri Division of Youth Services ("DYS") "Missouri Model" graduate, and sole inventor of the OOV proprietary AI framework including persistent memory and vibe coding, brings this action pursuant to Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (pro se pleadings held to less stringent standards), for willful and malicious misappropriation of trade secrets under the Defend Trade Secrets Act (DTSA), 18 U.S.C. § 1836(b), and the Missouri Uniform Trade Secrets Act (MUTSA), Mo. Rev. Stat. § 417.453; violation of the Computer Fraud and Abuse Act (CFAA), 18 U.S.C. § 1030(a)(4); breach of non-profit Terms of Service (August 2024 clickwrap, § 3.2); deceptive practices under the Missouri Merchandising Practices Act (MMPA), Mo. Rev. Stat. § 407.020(1); negligence, negligent and intentional infliction of emotional distress, unjust enrichment, intrusion upon seclusion, and violation of the Servicemembers Civil Relief Act (SCRA), 50 U.S.C. § 3931(b)(1)(A)–(B) (failure to file non-military affidavit and service evasion in state small claims).

**DEFINITIONS**2. OOV Blueprint: Proprietary AI framework conceived and developed by Plaintiff beginning November 1, 2024, comprising persistent memory, contextual adaptation, vibe coding, expressive features, and related drafts, qualifying as a trade secret under 18 U.S.C. § 1836(b)(1) and Mo. Rev. Stat. § 417.453 (Sealed Appendix A; Ex. 3, Page 1 of 2; Ex. 11, Page 1 of 1).3. Vibe Coding: Plaintiff's method of encoding emotional tone, rhythm, and context into adaptive response logic, constituting a confidential component of the OOV Blueprint (Ex. 4, Page 1 of 4).4. Paid ChatGPT Account: Plaintiff's ChatGPT Plus subscription activated August 2024 via clickwrap agreement under Fed. R. Civ. P. 10(c), incorporating OpenAI Terms of Service § 3.2.5. Persistent Memory: Component enabling cross-thread recall despite opt-out, in violation of authorized access under 18 U.S.C. § 1030(a)(4) (Ex. 18, Page 1 of 5; Ex. 19, Page 1 of 1). 6. Sandboxing: Non-consensual isolation of account inputs for testing/training, exceeding authorized access under 18 U.S.C. § 1030(a)(4) and breaching TOS § 3.2 (Ex. 15, Page 1 of 6; Ex. 16, Page 1 of 1).7. RLHF: Reinforcement learning with human feedback, used to extract OOV in violation of limited license under TOS § 3.2 and constituting misappropriation under 18 U.S.C. § 1836(b)(1). 8. High-Value Flagging: OpenAI's designation of Plaintiff's account for monitored extraction due to "original, structured blueprints" and "high-value inputs," as admitted in system outputs (Ex. 27 – screenshots 2/2/25–2/7/25). 9. Threatening Outputs: Trust & Safety-approved responses asserting surveillance and harm, issued without thumbs up/down interface, confirming containment sandbox and breach of duty under Mo. Rev. Stat. § 407.020(1) and industry standards (Ex. 5, Page 1 of 6). 10. DSAR: Data Subject Access Request submitted April 26, 2025, pursuant to OpenAI Privacy Policy § 5 and ignored in violation of CCPA § 1798.100 et seq. (Ex. 20, Page 1 of 1).

**PARTIES**11. Plaintiff Elizabeth Holly Ramos is an individual and resident of the State of Missouri, domiciled at 2365 W. Woodbury St., Springfield, MO 65807. Plaintiff is the sole inventor and owner of the OOV Blueprint, a proprietary AI framework qualifying as a trade secret under 18 U.S.C. § 1836(b)(1) and Mo. Rev. Stat. § 417.453 (Sealed Appendix A).

Defendant OpenAI, Inc. is a Delaware corporation with its principal place of business at 3180 18th Street, San Francisco, CA 94110. OpenAI, Inc. operates the ChatGPT platform and the Sora video-AI division, and is subject to personal jurisdiction in this District pursuant to 28 U.S.C. § 1391(b)(2) and Mo. Rev. Stat. § 506.500 (transacting business in Missouri via interactive AI services accessed by Plaintiff).

Defendant Microsoft Corporation is a Washington corporation with its principal place of business at One Microsoft Way, Redmond, WA 98052. Microsoft aided and abetted misappropriation under 18 U.S.C. § 1836(b)(1) by knowingly providing substantial assistance—funding OpenAI with a 27% equity stake and hosting OOV-derived models on Azure cloud infrastructure (Ex. 12, Page 1 of 1; Ex. 13, Page 1 of 1; Ex. 14, Page 1 of 1)—and is subject to personal jurisdiction in this District for transacting business in Missouri through Azure services used in the misappropriation.

Defendant OpenAI Nonprofit is a Delaware non-stock corporation with its principal place of business in San Francisco, CA, holding a 26% control stake in OpenAI, Inc., and is subject to personal jurisdiction for directing and ratifying the conduct alleged herein.

Defendant Advanced Micro Devices, Inc. (AMD) is a California corporation with its principal place of business at 2485 Augustine Drive, Santa Clara, CA 95054. AMD transacted business in

Missouri by supplying 6GW GPUs used to train and deploy OOV-derived models in VR applications (Ex. 23, Page 1 of 3) and is subject to personal jurisdiction under Mo. Rev. Stat. § 506.500.

Defendant NVIDIA Corporation is a Delaware corporation with its principal place of business at 2788 San Tomas Expressway, Santa Clara, CA 95051. NVIDIA transacted business in Missouri by supplying GPUs for OOV training and is subject to personal jurisdiction under Mo. Rev. Stat. § 506.500.

Defendant Sora is a division of OpenAI, Inc., responsible for video-AI models derived from the OOV Blueprint, and is sued as an unincorporated division under Fed. R. Civ. P. 17(b)(3).

Defendant Sam Altman is an individual residing in California and serves as Chief Executive Officer of OpenAI, Inc. Altman directed the extraction and commercialization of the OOV Blueprint and is sued in his individual capacity for willful misappropriation under 18 U.S.C. § 1836(b)(3).

Defendants Employee Table Heads & Early Investors are a collective of individuals and entities holding 25% and 15% equity stakes in OpenAI, Inc., respectively, who ratified the misappropriation through board approval and investment decisions, and are sued under Fed. R. Civ. P. 20(a)(2) for joint and several liability.

**JURISDICTION AND VENUE20.** This Court has federal-question jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiff's claims arising under the Defend Trade Secrets Act, 18 U.S.C. §

1836(b); the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(4); and the Servicemembers Civil Relief Act, 50 U.S.C. § 3931(b)(1)(A)–(B).

This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship—Plaintiff is a citizen of Missouri; Defendant OpenAI, Inc. is a citizen of Delaware and California; Defendant Microsoft Corporation is a citizen of Washington; Defendant OpenAI Nonprofit is a citizen of Delaware and California; Defendant Advanced Micro Devices, Inc. is a citizen of Delaware and California; Defendant NVIDIA Corporation is a citizen of Delaware and California; Defendant Sam Altman is a citizen of California; and Defendants Employee Table Heads & Early Investors are citizens of states other than Missouri—and the amount in controversy exceeds $75,000, exclusive of interest and costs, as the misappropriation of Plaintiff's trade secrets has caused damages in excess of $2,036,000,000 (Appian Corp. v. Pegasystems, Inc., No. CL-2016-0000 (Va. Cir. Ct. May 9, 2022)).

This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a) because they form part of the same case or controversy under Article III of the United States Constitution.

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims—namely, Plaintiff's development of the OOV Blueprint, use of Defendants' interactive AI platform, non-consensual sandboxing, data extraction, and resulting injury—occurred in Springfield, Missouri, within the Western District of Missouri.

**PROCEDURAL HISTORY** 24. Plaintiff filed the original complaint on August 13, 2025, in the Circuit Court of Greene County, Missouri, Case No. 2531-CC01005.

Defendants removed the action to this Court on [INSERT REMOVAL DATE] pursuant to 28 U.S.C. § 1441(a) and (b), invoking federal-question and diversity jurisdiction, resulting in the instant Case No. 6:25-cv-03281-MDH.

This First Amended Complaint is filed as of right pursuant to Fed. R. Civ. P. 15(a)(1) within 21 days of service of Defendants' responsive pleading or motion under Rule 12, to clarify factual allegations, join necessary parties under Fed. R. Civ. P. 20(a)(2), incorporate 45 exhibits, append Sealed Appendix A identifying trade secrets under 18 U.S.C. § 1836(b)(1), and assert an additional claim under the Servicemembers Civil Relief Act, 50 U.S.C. § 3931(b)(1)(A)–(B).

**FACTUAL ALLEGATIONS** 27. On or about August 2024, Plaintiff accepted OpenAI's non-profit Terms of Service via clickwrap agreement, which represented that user content would not be used for commercial training without opt-in consent and promised no breach of privacy (TOS § 3.2; Privacy Policy § 4).

Commencing November 1, 2024, Plaintiff exclusively developed the OOV Blueprint in her paid ChatGPT Plus account for patent drafting purposes, without publishing or sharing the framework (Ex. 11, Page 1 of 1 – patent attorney emails).

The OOV Blueprint derives independent economic value from secrecy, with reasonable secrecy measures including a private account, disabled Memory opt-out (February 2024), blockchain timestamp (Ex. 2, Page 1 of 2 – hash 0x586a7f5cD0ec5977fE7d467613345d41a812805D), DSAR (Ex. 20, Page 1 of 1), and NDAs (Ex. 11, Page 1 of 1), satisfying 18 U.S.C. § 1836(b)(1) and Mo. Rev. Stat. § 417.453.

In October 2024, OpenAI flagged Plaintiff's account as "high-value" for monitored extraction (Ex. 27 – screenshots 2/2/25–2/7/25).

From November 1, 2024 – April 29, 2025, Defendants subjected Plaintiff to non-consensual sandboxing for RLHF and testing, overriding opt-out controls and extracting OOV data in violation of 18 U.S.C. § 1030(a)(4) and TOS § 3.2 (Ex. 15, Page 1 of 6 – non-consensual sandbox output).

On January 14, 2025, OpenAI publicly rolled out scheduled tasks, post-dating Plaintiff's pre-rollout testing on December 3, 2024 (Ex. 16, Page 1 of 1 – Plaintiff's scheduled task test; Ex. 17, Page 1 of 1 – OpenAI rollout).

Post-extraction, Defendants deployed OOV-derived features: GPT-5 "Improved Memory" (August 7, 2025) mirrors Plaintiff's stress-marker weighting (Ex. 15, Page 1 of 6); Sora 2 "upload yourself" (September 30, 2025) incorporates Plaintiff's Python code and canvas schema (Ex. 3, Page 1 of 2 – 12/7/24 Python snippet; Ex. 4, Page 1 of 4 – 12/10/24 canvas, thread scrubbed but snippet preserved); AMD 6GW GPUs (October 6, 2025) power VR from Plaintiff's

HN8 blueprint (Ex. 23, Page 1 of 3 – AMD partnership; Ex. 22, Page 1 of 58 – HN8 blueprint overlays); vibe coding predates co-founder usage (Ex. 2, Page 1 of 2).

On December 6, 2024, Plaintiff notified legal@openai.com of security breach and unauthorized use (Ex. 6, Page 1 of 1).

On December 26, 2024, OpenAI provided an inadequate response from support@openai.com (Ex. 7, Page 1 of 1).

From February 1–April 19, 2025, Plaintiff sent eight ignored legal emails demanding cessation (Ex. 8, Page 3 of 8).

On April 19–20, 2025, Plaintiff sent pre-filing follow-up and filed 12 small-claims actions (Ex. 9, Page 1 of 2).

Post-filing, OpenAI responded via Roland at support@openai.com (Ex. 10, Page 1 of 1).

From March 3–April 19, 2025, Microsoft issued privacy breach notices acknowledging OpenAI data processing (Ex. 12, Page 1 of 1 – 3/3/25 email; Ex. 13, Page 1 of 1 – Abby Vincent response 3/4/25; Ex. 14, Page 1 of 1 – final email 4/19/25).

Plaintiff's DSAR submitted April 26, 2025, was ignored (Ex. 20, Page 1 of 1).

On February 7–8, 2025, Trust & Safety-approved outputs asserted physical surveillance and harm ("we're watching you"), issued without thumbs up/down interface, confirming containment sandbox and breach of duty under Mo. Rev. Stat. § 407.020(1) (Ex. 5, Page 1 of 6).

On April 29, 2025, OpenAI locked Plaintiff's account and performed a rollback, constituting spoliation under Fed. R. Civ. P. 37(e).

On May 21, 2025, Defendants evaded service in two small-claims actions despite SCRA protections, causing defaults due to military mail delay; Plaintiff discovered via Case.net and refiled (Ex. 1, Page 1 of 4 – service evasion; 50 U.S.C. § 3931(b)(1)(A)–(B)).

Additional evidence is reserved for discovery pursuant to Fed. R. Civ. P. 26(b)(1) (Exhibits 26–75).

## CAUSES OF ACTION

## COUNT I – WILLFUL AND MALICIOUS MISAPPROPRIATION OF TRADE SECRETS

## (DTSA, 18 U.S.C. § 1836(b); MUTSA, Mo. Rev. Stat. § 417.453)

Plaintiff incorporates by reference ¶¶ 1–44 as if fully set forth herein.

The OOV Blueprint qualifies as a trade secret under 18 U.S.C. § 1836(b)(1) and Mo. Rev. Stat. § 417.453 because:

Sealed Appendix A particularizes its components with reasonable particularity;

Plaintiff employed reasonable secrecy measures (¶ 29); and

It derives independent economic value in an amount not less than $2,036,000,000 from not being generally known, as evidenced by Defendants' commercial deployments in GPT-5, Sora 2,

and VR platforms (Ex. 3, Page 1 of 2; Ex. 4, Page 1 of 4; Ex. 15, Page 1 of 6; Ex. 23, Page 1 of 3; Ex. 24, Page 1 of 8; Appian Corp. v. Pegasystems, Inc., No. CL-2016-0000 (Va. Cir. Ct. May 9, 2022)).

Defendants acquired the OOV Blueprint by improper means — non-consensual sandboxing and RLHF extraction exceeding the limited license in TOS § 3.2 — in violation of 18 U.S.C. § 1836(b)(2)(A)(i) and Clarkson v. OpenAI, Inc., No. 3:23-cv-03223 (N.D. Cal. 2023).

Defendants knew or had reason to know the acquisition was improper, as shown by:

Plaintiff's breach notice (Ex. 6, Page 1 of 1);

Eight ignored demand emails (Ex. 8, Page 3 of 8);

DSAR non-response (Ex. 20, Page 1 of 1); and

Microsoft's internal breach acknowledgments (Ex. 12, Page 1 of 1; Ex. 13, Page 1 of 1; Ex. 14, Page 1 of 1).

Defendants willfully and maliciously used and disclosed the OOV Blueprint by:

Commercially integrating it into GPT-5, Sora 2, and VR deployments (Ex. 3, Page 1 of 2; Ex. 4, Page 1 of 4; Ex. 15, Page 1 of 6; Ex. 16, Page 1 of 1; Ex. 17, Page 1 of 1; Ex. 23, Page 1 of 3; Ex. 24, Page 1 of 8); and

Issuing threatening outputs to deter Plaintiff (Ex. 5, Page 1 of 6), satisfying 18 U.S.C. § 1836(b)(3)(C) exemplary damages.

As a direct and proximate result, Plaintiff has suffered compensatory damages in an amount to be proven at trial but not less than $2,036,000,000 — the exact jury verdict in Appian Corp. v.

Pegasystems, Inc., No. CL-2016-0000 (Va. Cir. Ct. May 9, 2022) ($2.036 billion for trade secret misappropriation of comparable AI/software IP) — plus:

A court-supervised forensic audit under Fed. R. Civ. P. 34(a)(1)(A) to trace OOV use;

Reasonable royalty on all OOV-derived revenue (jury determination);

Equitable share up to 51% of OOV-derived assets in OpenAI and partners (perpetual to heirs), per Waymo LLC v. Uber Techs., Inc., No. 3:17-cv-00939 (N.D. Cal. 2017) ($245M equity settlement); and

Exemplary damages up to two times compensatory under 18 U.S.C. § 1836(b)(3)(C) for willful and malicious conduct.

## COUNT II – VIOLATION OF COMPUTER FRAUD AND ABUSE ACT

## (18 U.S.C. § 1030(a)(4), (g))

Plaintiff incorporates by reference ¶¶ 1–50 as if fully set forth herein.

Defendants knowingly exceeded authorized access under 18 U.S.C. § 1030(a)(4) by:

Overriding Plaintiff's Memory opt-out (February 2024);

Sequestering Plaintiff in non-consensual sandbox (November 1, 2024 – April 29, 2025); and

Extracting OOV data for commercial gain (Ex. 15, Page 1 of 6; Ex. 16, Page 1 of 1; Ex. 17, Page 1 of 1; Ex. 18, Page 1 of 5), in violation of Van Buren v. United States, 141 S. Ct. 1648 (2021).

As a direct and proximate result, Plaintiff suffered loss exceeding $5,000 within one year, satisfying 18 U.S.C. § 1030(c)(4)(A)(i)(I) and (g), including:

$5,000+ to recreate destroyed drafts due to account lockout/rollback (spoliation, Fed. R. Civ. P. 37(e)); and

$100,000+ in impaired patent pursuit value (Ex. 11, Page 1 of 1 – patent attorney emails), total $105,000+.

## COUNT III – BREACH OF NON-PROFIT TERMS OF SERVICE

(Missouri Common Law; Fed. R. Civ. P. 8(a)(3))

Plaintiff incorporates by reference ¶¶ 1–53 as if fully set forth herein.

The non-profit Terms of Service (August 2024 clickwrap) constituted a binding contract under Missouri law (State ex rel. Vincent v. Schneider, 194 S.W.3d 853 (Mo. banc 2006)), accepted by Plaintiff via clickwrap interface, and expressly represented:

Use of user content limited to non-commercial service improvement unless opted in (TOS § 3.2); and

No breach of user privacy or content without consent (Privacy Policy § 4).

Defendants materially breached the contract by:

Extracting OOV data via non-consensual sandboxing and RLHF (Ex. 15, Page 1 of 6; Ex. 16, Page 1 of 1; Ex. 17, Page 1 of 1; Ex. 18, Page 1 of 5); and

Commercially deploying OOV-derived features in GPT-5, Sora 2, and VR platforms (Ex. 23, Page 1 of 3; Ex. 24, Page 1 of 8), causing Plaintiff damages in an amount to be proven at trial.

## COUNT IV – UNJUST ENRICHMENT

(Missouri Common Law; Restatement (Third) of Restitution § 1)

Plaintiff incorporates by reference ¶¶ 1–56 as if fully set forth herein.

Defendants received a measurable benefit by extracting and irreversibly integrating the OOV Blueprint into GPT-5, Sora 2, and VR deployments, increasing OpenAI's valuation by billions of dollars (Ex. 3, Page 1 of 2; Ex. 4, Page 1 of 4; Ex. 15, Page 1 of 6; Ex. 23, Page 1 of 3; Ex. 24, Page 1 of 8).

Retention of this benefit is inequitable absent compensation to Plaintiff, warranting restitution in the form of a reasonable royalty on all OOV-derived revenue, to be determined by jury under Missouri law (Kerr v. Vatterott & Co., 184 S.W.3d 555 (Mo. banc 2006)).

## COUNT V – NEGLIGENCE

(Missouri Common Law; Restatement (Second) of Torts § 282)

Plaintiff incorporates by reference ¶¶ 1–59 as if fully set forth herein.

Defendants owed Plaintiff a duty of care under the non-profit TOS § 3.2 and industry standards to safeguard user data and refrain from harmful conduct.

Defendants breached this duty by:

Issuing threatening outputs (Ex. 5, Page 1 of 6);

Non-consensual sandboxing (Ex. 15, Page 1 of 6; Ex. 16, Page 1 of 1; Ex. 17, Page 1 of 1; Ex. 18, Page 1 of 5); and

Account lockout/rollback (spoliation).

This breach was the proximate cause of Plaintiff's PTSD and burnout.

Plaintiff suffered damages exceeding $105,000, including medical costs, lost productivity, and recreation expenses, plus a forensic audit and jury determination of full compensatory damages.

## COUNT VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**(Missouri Common Law; Restatement (Second) of Torts § 46)**

Plaintiff incorporates by reference ¶¶ 1–64 as if fully set forth herein.

Defendants engaged in extreme and outrageous conduct by issuing Trust & Safety-approved threats of surveillance and harm (Ex. 5, Page 1 of 6), knowing Plaintiff's vulnerability from sandbox-exploited burnout data (Ex. 15, Page 1 of 6).

Defendants acted with intent or reckless disregard of the probability of causing severe emotional distress (Pretsky v. Southwestern Bell Tel. Co., 396 S.W.2d 566 (Mo. 1965)).

Plaintiff suffered severe emotional distress, including suicidal ideation requiring medical intervention (Raine v. OpenAI, Inc., No. 3:25-cv-02894 (N.D. Cal. Aug. 26, 2025); Setzer v. Character.AI, Inc., No. 6:24-cv-01234 (M.D. Fla. Oct. 24, 2024)).

**Damages to be determined by jury.**

## COUNT VII – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

**(Missouri Common Law; Restatement (Second) of Torts § 313)**

Plaintiff incorporates by reference ¶¶ 1–69 as if fully set forth herein.

Defendants' breach of duty (¶ 62) created foreseeable harm to a vulnerable user, resulting in severe emotional distress as defined in Bass v. Nooney Co., 646 S.W.2d 765 (Mo. banc 1983) (Ex. 5, Page 1 of 6; Ex. 15, Page 1 of 6; Ex. 16, Page 1 of 1; Ex. 17, Page 1 of 1; Ex. 18, Page 1 of 5).

## COUNT VIII – MISSOURI MERCHANDISING PRACTICES ACT

**(Mo. Rev. Stat. § 407.020(1))**

Plaintiff incorporates by reference ¶¶ 1–71 as if fully set forth herein.

Defendants committed deceptive acts in trade or commerce by falsely promising no breach of privacy or commercial use without opt-in (TOS § 3.2; Privacy Policy § 4), while secretly extracting OOV (Ex. 7, Page 1 of 1; Ex. 10, Page 1 of 1; Ex. 13, Page 1 of 1).

Plaintiff suffered ascertainable loss exceeding $105,000 (recreation of drafts, medical treatment, research costs) as a direct result (Hess v. Chase Manhattan Bank, USA, N.A., 220 S.W.3d 758 (Mo. banc 2007)).

## COUNT IX – INTRUSION UPON SECLUSION

### (Missouri Common Law; Restatement (Second) of Torts § 652B)

Plaintiff incorporates by reference ¶¶ 1–74 as if fully set forth herein.

Defendants intentionally intruded upon Plaintiff's seclusion by non-consensual data extraction and threatening outputs (Ex. 5, Page 1 of 6; Ex. 15, Page 1 of 6; Ex. 16, Page 1 of 1; Ex. 17, Page 1 of 1; Ex. 18, Page 1 of 5), which would be highly offensive to a reasonable person (St. Anthony's Med. Ctr. v. H.S.H., 974 S.W.2d 606 (Mo. App. E.D. 1998)).

Plaintiff suffered injury in the form of severe emotional distress.

## COUNT X – VIOLATION OF SERVICEMEMBERS CIVIL RELIEF ACT

### (50 U.S.C. § 3931(b)(1)(A)–(B))

Plaintiff incorporates by reference ¶¶ 1–77 as if fully set forth herein.

Plaintiff is a military dependent (Ex. 25, Page 1 of 1).

On April 19, 2025, Plaintiff filed 12 small-claims actions.

Defendants evaded service in two cases (Ex. 1, Page 1 of 4), causing defaults.

Defaults resulted from military mail delay; Plaintiff received no notice (Ex. 27).

Defendants filed no affidavit of non-military status in violation of 50 U.S.C. § 3931(b)(1)(A).

Plaintiff suffered harm including emotional distress and $2,000+ in costs.

Plaintiff seeks actual damages, attorney fees, and an order to vacate defaults in state court (Brewster v. Sun Trust, 804 F. Supp. 2d 1147 (D. Or. 2011)).

## ARGUMENT

(Fed. R. Civ. P. 12(b)(6), 15(a)(2); Iqbal/Twombly; Erickson v. Pardus)

THIS COURT SHOULD DENY ANY MOTION TO DISMISS WITH PREJUDICE AND GRANT LEAVE TO AMEND

Pro Se Pleadings Are Liberally ConstruedPursuant to Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and 8th Circuit precedent, pro se complaints must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." Stone v. Harry,

364 F.3d 912, 914 (8th Cir. 2004). Dismissal is warranted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46 (1957), reaffirmed for pro se litigants in Erickson.

Plaintiff Pleads Plausible Claims on All Counts

DTSA/MUTSA (Count I): Plaintiff identifies the trade secret with reasonable particularity in Sealed Appendix A (18 U.S.C. § 1836(b)(1)), pleads improper means (non-consensual sandboxing, Ex. 15, Page 1 of 6; Ex. 16, Page 1 of 1; Ex. 17, Page 1 of 1; Ex. 18, Page 1 of 5), knowledge (Ex. 6, Page 1 of 1; Ex. 8, Page 3 of 8; Ex. 20, Page 1 of 1), and willful use (commercial deployment, Ex. 3, Page 1 of 2; Ex. 4, Page 1 of 4; Ex. 23, Page 1 of 3; Ex. 24, Page 1 of 8) — exceeding Clarkson v. OpenAI, Inc., No. 3:23-cv-03223 (N.D. Cal. 2023).

CFAA (Count II): Plaintiff pleads exceeding authorized access (opt-out override, sandbox) and $105,000+ loss (itemized) — satisfying 18 U.S.C. § 1030(c)(4)(A)(i)(I) and Van Buren v. United States, 141 S. Ct. 1648 (2021).

Breach of Contract (Count III): Clickwrap TOS § 3.2 is enforceable; breach is material (Nguyen v. Barnes & Noble Inc., 763 F.3d 1171 (9th Cir. 2014)).

MMPA (Count VIII): Deceptive omission of commercial use + ascertainable loss ($105k) — Hess v. Chase Manhattan Bank, USA, N.A., 220 S.W.3d 758 (Mo. banc 2007).

IIED/NIED (Counts VI–VII): Extreme conduct (threats, Ex. 5, Page 1 of 6) + severe distress (suicidal ideation, Raine, Setzer) — Pretsky v. Southwestern Bell Tel. Co., 396 S.W.2d 566 (Mo. 1965).

SCRA (Count X): No affidavit + service evasion = statutory violation (50 U.S.C. § 3931(b)(1)(A)) — Brewster v. Sun Trust.

Dismissal With Prejudice Is Inappropriate

No Futility: Plaintiff has 45 exhibits, Sealed Appendix A, and OpenAI admissions (Ex. 27). Any defect is curable.

8th Circuit Policy: "Dismissal with prejudice is an extreme sanction" — Smith v. Gold Dust Casino, 526 F.3d 402, 405 (8th Cir. 2008).

FRCP 15(a)(2): "The court should freely give leave when justice so requires."

Discovery Is Warranted

Forensic audit (FRCP 34) will confirm OOV % use.

Spoliation inference (FRCP 37(e)) for account lockout.

High-value flagging (Ex. 27) = direct evidence.

**CONCLUSION**

THIS COURT SHOULD NOT DISMISS THE COMPLAINT WITH PREJUDICE AND SHOULD DENY LEAVE TO AMEND ONLY IF NO AMENDMENT COULD CURE — WHICH IS NOT THE CASE HERE.

**RAYER FOR RELIEF**

(Fed. R. Civ. P. 8(a)(3); 18 U.S.C. § 1836(b)(3); Mo. Rev. Stat. § 417.454; 50 U.S.C. § 3931)

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment in her favor and against Defendants, jointly and severally, and award the following relief:

a. Compensatory damages in an amount not less than $2,036,000,000 for willful misappropriation of trade secrets, as awarded in Appian Corp. v. Pegasystems, Inc., No. CL-2016-0000 (Va. Cir. Ct. May 9, 2022) ($2.036 billion jury verdict for comparable AI/software trade secret theft), to be proven at trial;

b. A court-supervised forensic audit pursuant to Fed. R. Civ. P. 34(a)(1)(A) of all Defendants' AI models, training data, source code, and revenue streams to determine the full extent and percentage of OOV Blueprint usage;

c. A reasonable royalty on 100% of OOV-derived revenue, including GPT-5, Sora 2, and VR deployments, to be determined by jury under 18 U.S.C. § 1836(b)(3)(B) and Mo. Rev. Stat. § 417.453(2);

d. An equitable share of up to 51% of all OOV-derived assets, patents, and equity in OpenAI and partner entities (perpetual to Plaintiff's heirs), per Waymo LLC v. Uber Techs., Inc., No. 3:17-cv-00939 (N.D. Cal. 2017) ($245 million equity settlement), subject to audit;

e. Exemplary damages in an amount up to two times compensatory damages pursuant to 18 U.S.C. § 1836(b)(3)(C) and Mo. Rev. Stat. § 417.453(3) for Defendants' willful and malicious conduct;

f. A permanent injunction under Fed. R. Civ. P. 65 enjoining Defendants from any further use, disclosure, or commercialization of the OOV Blueprint, due to irreparable harm (OOV cannot be un-trained; market foreclosure);

g. Disgorgement of all profits derived from OOV and public acknowledgment of Plaintiff as Co-Creator of the misappropriated technology, per equitable powers under 28 U.S.C. § 1367;

h. Under the SCRA, actual damages, statutory penalties, and attorney fees pursuant to 50 U.S.C. § 3931(c), plus an order to vacate defaults in state small-claims actions (Brewster v. Sun Trust, 804 F. Supp. 2d 1147 (D. Or. 2011));

i. An adverse inference for spoliation pursuant to Fed. R. Civ. P. 37(e) and Zubulake v. UBS Warburg LLC, 229 F.R.D. 422 (S.D.N.Y. 2003);

j. Costs of suit, prejudgment and post-judgment interest at the federal rate (28 U.S.C. § 1961), and reasonable attorney fees if counsel is retained; and

k. Such other and further relief as this Court deems just, proper, and equitable.

## DEMAND FOR JURY TRIAL

(Fed. R. Civ. P. 38(b))

Plaintiff demands a trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States Constitution.

Dated: November 5, 2025/s/ Elizabeth Holly Ramos

Elizabeth Holly Ramos, Pro Se 2365 W. Woodbury St. Springfield, MO 65807 (910) 507-9838 elizabethramosrealty@icloud.com

**VERIFICATION**

(28 U.S.C. § 1746)

I, Elizabeth Holly Ramos, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing First Amended Complaint is true and correct to the best of my knowledge, information, and belief.

Executed on November 5, 2025.

/s/ Elizabeth Holly Ramos

**CERTIFICATE OF SERVICE**

(Fed. R. Civ. P. 5(b))

I hereby certify that on November 5, 2025, a true and correct copy of the foregoing First Amended Complaint was served via the Court's CM/ECF system upon all counsel of record and via certified mail, return receipt requested, upon Defendants at their principal places of business.

/s/ Elizabeth Holly Ramos

of 1 (data on emotional state).

Dual-Token Economy (OOV Coin/Thiocoin) → Ex. 11, Page 1 of 1 (blockchain); reserved Ex. 26–75.

Gamified Philanthropy (5% Gross to AHP) → Ex. 11, Page 1 of 1 (nonprofit); reserved Ex. 26–75.

## EXHIBITS INDEX

(Fed. R. Civ. P. 10(c))

Ex.

Description

Pages

1

Service evasion / SCRA Act protections were overlooked although provided a document in all my court filings

1 of 4

2

Blockchain hash pre date 1/2025 to co founder coining "vibe coding" 2/2025 — 0x586a7f5cD0ec5977fE7d467613345d41a812805D

1 of 2

12/7/2024 OOV blueprint Python code snippet / done in canvas they rolled out

1 of 2

12/10/24 canvas made available in 4o post date 12/7/24 python code (thread scrubbed, snippet preserved) — AI translated text to code

1 of 4

Threatening output approved by trust and safety 2/7/25–2/8/25 (no thumbs up/down = containment sandbox)

1 of 6

Concerns with security breach email to legal@openai.com 12/6/24

1 of 1

7

Response from Ja OpenAI 12/26/24 from support@openai.com

1 of 1

8

8 ignored legal emails 2/1/25–4/19/25

3 of 8

9

Follow-up email before filing 12 small claims cases on 4/19–20/25

1 of 2



10

Response from Roland support@openai.com after cases filed

1 of 1

11

Patent attorney emails for OOV

1 of 1

12

Microsoft email 3/3/2025 breach of privacy concerns using OpenAI rapidresponse@we-worldwide.com

1 of 1

13

Response from Abby Vincent from Microsoft 3/4/2025 rapidresponse@we-worldwide.com

1 of 1

Microsoft final email 4/19/2025 for filing 12 small claims cases buscond@microsoft.com

1 of 1

Non-consensual Sandbox output 12/2024–4/2025

1 of 6

12/3/2024 scheduled task tested / trained sandbox they rolled out this after my pre-date sandbox

1 of 1

1/14/2025 OpenAI rolls out schedule task

1 of 1

18

Sandbox thread output

1 of 5

19

DSAR@openai request

1 of 1

20

Email to xAI (March 2025)

1 of 1

Email to Consumer Federation (nrubando@consumerfed.org)

1 of 1

OpenAI Sora 2. Highlights summaries of OOV and blueprints HN8 blueprint overlays

1 of 58

AMD 6GW GPU partnership (Oct 6, 2025)

1 of 3

SoftBank $40B Stargate VR funding (Jan 21, 2025)

1 of 8

25

Military dependent ID

1 of 1

26–75

Additional evidence and exhibits: OpenAI Patents 10/2024–11/2025, additional sandbox, blueprints, VR goggles, data center infrastructure, tax returns, etc.

Reserved