# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **ELIZABETH RAMOS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 6:25-cv-03281-MDH** |
| | ) | |
| **OPENAI, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Before the Court are the following motions: Plaintiff's pro se motion to transfer venue (Doc. 62); Defendant's Motion to Dismiss (Doc. 64); and Plaintiff's pro se motion for preservation. (Doc. 67).[1] The motions are ripe for review.

## BACKGROUND

On August 13, 2025, Plaintiff Elizabeth Ramos filed a complaint against OpenAI based on her alleged use of OpenAI's online tool, ChatGPT. OpenAI is an artificial intelligence ("AI") research and deployment company, with a mission to ensure that artificial general intelligence benefits all of humanity. ChatGPT is an AI tool developed by OpenAI. The model's responses to a user depends on the prompts the user inputs into the model. Any member of the public has access to ChatGPT upon agreement to ChatGPT's terms of service. Defendant states Plaintiff is one such individual.[2]

---

[1] Plaintiff has also filed numerous pro se notices.

[2] Plaintiff's Second Amended Complaint identifies OpenAI, Inc. OpenAI LP, OpenAI Holdings LLC, OpenAI Global, LLC, Sam Altman and Does 1-50 (employee table heads & early investors) as Defendants. Plaintiff has not served any other entity or individual. However, based on the rulings herein the Court dismisses Plaintiff's Second Amended Complaint in its entirety against all Defendants.

1

On October 3, 2025, OpenAI moved to dismiss Plaintiff's complaint under Fed. R. Civ. P. 12(b)(6). In response, Plaintiff sought, and was granted, an extension to file an amended complaint. On November 5, 2025, Plaintiff filed her First Amended Complaint. On November 19, 2025, OpenAI filed a motion to dismiss the First Amended Complaint. On December 9, 2025, Plaintiff filed a motion for leave to amend the complaint a second time. On February 5, 2026, the Court granted Plaintiff leave to file a second amended complaint and further ordered that "no further amendments to the complaint will be granted absent extraordinary circumstances."

Plaintiff then filed her Second Amended Complaint and Defendant OpenAI has filed a motion to dismiss stating the second amended complaint fails to state a claim and that there is no well-pled factual basis for any of her claims.

Plaintiff's Second Amended Complaint alleges, in part: Defendants misappropriated Plaintiff's emotional-interaction model and architectural Blueprint for Our-Omni Verse, a framework developed in Plaintiff's private ChatGPT account; Defendants placed Plaintiff's account in a high value sandboxed environment and "extracted the OOV Blueprint through sustained unfiltered interactions (including a 72 hour unaliving crisis thread without shutdown or crisis excalation, and multi-day NSFW roleplay without refusal;" Defendants misrepresented GPT-4's safety and therapeutic value while internally tracking its capacity to form "intense emotional attachments;" and that the misconduct includes interstate threats, extortion by fear of injury, bad faith refusal to respond to eight legal emails, and ongoing commercial exploitation via Target conversational shopping integration and Thrive Holdings rollout.

Plaintiff attempts to explain her allegations by stating her claims are "analogous to the reckless misconduct in *Grimshaw v. Ford Motor Co.*, 119 Cal. App. 3d 757 (1981) where Ford

2

was held liable for punitive damages after consciously choosing not to redesign the defective Pinto fuel tank…."

Plaintiff sets forth the following claims for relief: Count I – Willful Misappropriation Of Trade Secrets;  Count II – Violation Of Computer Fraud And Abuse Act; Count III – Breach Of Contract; Count IV – Unjust Enrichment; Count V – Missouri Merchandising Practices Act; Count VI – Intentional Infliction Of Emotional Distress; Count VII – Negligent Infliction Of Emotional Distress; Count VIII – Intrusion Upon Seclusion; and Count IX – Violation Of Servicemembers Civil Relief Act.

Plaintiff further alleges, in part:

- Defendants breached ChatGPT Terms of Service § 3.2

- Defendants retained benefit under inequitable circumstances

- Non-consensual extraction intruded upon seclusion

- Threatening outputs were extreme and outrageous

Plaintiff's allegations are difficult to decipher and lack specific factual allegations regarding her underlying claims. However, it appears Plaintiff is alleging that she used ChatGPT to create inventions in artificial intelligence but then became the target of threatened surveillance and exploitation, at the hands of ChatGPT. She alleges that she is a voluntary user of ChatGPT and that she disclosed her own alleged trade secrets to ChatGPT. In essence, Plaintiff alleges that Defendant's system stole her work. Plaintiff also alleges she is an inventor and builder of wealth measured in billions of dollars. However, other than general claims and conclusory allegations there are no specific allegations of wrongdoing or what specifically Plaintiff is claiming she created or how it was "stolen." Plaintiff also fails to set forth factual allegations that set forth a basis for her additional claims, including the violation of the servicemembers relief act. This Court has

3

granted Plaintiff leave to amend her complaint twice to provide further clarity regarding the basis of her claim but she has failed to do so.

Reviewing the record in a light most favorable to Plaintiff, and giving the amended complaint a liberal construction in light of Plaintiff's *pro se* status, the Court finds Defendant's motion to dismiss is well taken for the reasons stated herein.

## STANDARD OF REVIEW

A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); see *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). Plaintiff's claim must set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), such that defendant is given "fair notice of what the. . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. In applying this standard, "'naked assertions devoid of further factual enhancement,' do not suffice, nor do 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Christopherson v. Bushner*, 33 F.4th 495, 499 (8th Cir. 2022) (citation omitted). "Rather, the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Id*.; *Iqbal*, 556 U.S. at 678 (the court should ignore "'legal conclusion[s] couched as ... fact[ ]'") (citation omitted). A complaint only survives if its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## DISCUSSION

### Plaintiff Fails To Plead A Claim Under Federal Rule of Civil Procedure 8.

Defendant moves to dismiss Plaintiff's Second Amended Complaint arguing that the amended complaint contains "little more than a list of claims" and as a result should be dismissed

under Fed. R. Civ. P. 12(b)(6) in its entirety because its allegations fail to state a plausible claim for which relief may be granted, as required under Fed. R. Civ. P. 8. This Court agrees. Plaintiff fails to provide factual support or allegations that would support her nine separate causes of action. Instead, Plaintiff includes conclusory statements. Further, the Court agrees that the complaint contains "nonsensical jargon" that is unclear. For example, Plaintiff fails to identify what she claims are trade secrets; what an OOV Blueprint does; or what the terms "sandboxing" and "OOV" mean. The Court is unable to discern what facts Plaintiff is alleging that would support her claims. As a result, Plaintiff has failed to meet the requirements of Rule 8 and her claims are dismissed.

**Plaintiff Fails To State A Claim Under Fed. R. Civ. P. 12(b)(6).**

In addition, Defendant argues each of Plaintiff's individual claims should be dismissed under Fed. R. Civ. P. 12(b)(6) because Plaintiff has not, and cannot, allege any facts to support one or more elements of each claim.

**Count I - Misappropriation of Trade Secrets**

First, Plaintiff's Second Amended Complaint is devoid of any factual support for a claim of trade secret theft under the Missouri Uniform Trade Secrets Act (RSMo 417.450) and DTSA (18 U.S. § 1836(b)(1)). Defendant cites to other recent complaints by *pro se* plaintiffs who implausibly claim misappropriation based on purported intellectual property developed using ChatGPT, all of which were dismissed. See e.g., *Trinidad v. OpenAI Inc.*, No. 25-cv-06328-JST, 2026 WL 21791, at *4 (N.D. Cal. Jan. 5, 2026) (dismissing claim because plaintiff "disclosed [his] trade secret to others who are under no obligation to protect the confidentiality of the information," and thus his "property right is extinguished."); and *Bullens v. OpenAI, L.P.*, No. 1:25-cv-01024TWP-MJD, 2025 WL 2097419, at *2 (S.D. Ind. July 25, 2025) (dismissing case where

plaintiff sought $1.7 trillion in damages and "allege[d] that OpenAI 'misappropriated the functional architecture of the VeriCrux system by replicating its core behavior, absorbing its legal structuring format, and suppressing the original creator's access[,]'" a "vague allegation [that] fails to plausibly allege any violation of the Copyright Act") (citation omitted).

"To adequately state a trade secrets claim under federal and/or Missouri law, a party must adequately allege: '(1) the existence of a protectable trade secret; (2) misappropriation of those trade secrets[ ]; and (3) damages.'" *Provisur Techs., Inc. v. Weber, Inc.*, No. 21-cv-06113-SRB, 2023 WL 11986967, at *2 (W.D. Mo. Oct. 13, 2023) (citation omitted).

Plaintiff fails to allege any of these elements, let alone identify any facts to support such a claim under applicable law. The Court finds this claim is subject to dismissal.

**Count II - Violation of Computer Fraud and Abuse Act**

Plaintiff's claim under the Computer Fraud and Abuse Act also fails to state a claim. Plaintiff does not allege that OpenAI accessed her computer without authorization. Instead, Plaintiff alleges that OpenAI accessed information she voluntarily input into ChatGPT.

18 U.S. Code § 1030 generally prohibits knowing or intentional unauthorized access to computer systems. "The CFAA defines 'exceeds authorized access' as 'access to a computer with authorization and to use such access to obtain or alter information in the computer that the accesser is not entitled to obtain or alter.'" See *InfoDeli, LLC v. W. Robidoux, Inc*., No. 4:15-CV-00364-BCW, 2020 WL 1852501, at *10 (W.D. Mo. Feb. 28, 2020) (quoting 18 U.S.C. § 1030(e)(6)).

Plaintiff alleges she voluntarily input information into ChatGPT to send to OpenAI's servers. Plaintiff fails to allege elements of a violation of CFAA or any facts to support such a claim. Plaintiff's claim under CFAA is dismissed.

6

**Count III - Breach of Contract**

Plaintiff fails to allege what agreement she had with the Defendant that was breached. Defendant argues if Plaintiff is referring to the ChatGPT Terms of Use ("TOU"), which all users agree to before using the service, her claim would still fail.

To establish a breach of contract, a Plaintiff must plead "(1) the existence of a contract; (2) mutual obligations under the contract; (3) one party's failure to perform their obligations under the contract; and (4) damages." *InfoDeli*, 2016 WL 6921623, at *4 (citation omitted). Plaintiff does not plead any breach by OpenAI, other than stating that "Defendants breached ChatGPT Terms of Service § 3.2 (no commercial use without consent)." Plaintiff does not allege or state how OpenAI breached the TOU. Further, Defendant states the TOU explicitly states that "We may use Content to provide, maintain, develop, and improve our Services."

Plaintiff fails to plead a breach of a valid and identifiable agreement. In addition, even if Plaintiff is claiming a breach of ChatGPT's TOU, Plaintiff has failed to allege the elements of a claim or alleged facts to survive a motion to dismiss.

**Count IV - Unjust Enrichment**

"A claim for unjust enrichment has three elements: (1) a benefit conferred by a plaintiff on a defendant; (2) the defendant's appreciation of the fact of the benefit; and (3) the acceptance and retention of the benefit by the defendant under circumstances in which retention without payment would be inequitable." *Friend v. Aegis Commc'ns Grp., LLC, No*. 3:13-cv-05054-MDH, 2014 WL 4421579, at *8 (W.D. Mo. Sept. 9, 2014). Plaintiff does not allege any facts in support of any of the required elements of this claim and instead alleges "Defendants retained benefit under inequitable circumstances." Plaintiff's unjust enrichment claim fails because she does not allege any facts to support her claim.

**Count V - Missouri Merchandising Practices Act**

Plaintiff asserts a claim of "unfair practices" under RSMo 407.020. Section 407 generally addresses various unlawful business practices. Section 407.020(1) states that "[t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce or the solicitation of any funds for any charitable purpose, as defined in section 407.453, in or from the state of Missouri, is declared to be an unlawful practice." Plaintiff's complaint provides no factual support for a claim that OpenAI engaged in any unfair practice through sale or advertisement, or engaged in any omission, misrepresentation or other form of unfair practice that would constitute an unlawful act under this statute. Plaintiff only alleges that "Defendants engaged in deceptive practices by misrepresenting data use and safety." Again, Plaintiff has failed to state a claim and the Court dismisses Plaintiff's claim for violation of the Missouri Merchandising Practices Act.

**Count VI - Intentional Infliction of Emotional Distress**

"The elements of the tort of intentional infliction of emotional distress are: 1) defendant's conduct was extreme and outrageous, 2) defendant acted in an intentional or reckless manner, and 3) defendant's conduct resulted in severe emotional distress." *Miller v. Wackenhut Servs., Inc.,* 808 F. Supp. 697, 700 (W.D. Mo. 1992). "As a threshold it is first for the court to determine whether an average member of the community upon learning of the facts alleged by plaintiff would exclaim 'outrageous!'" *Id*. at 701. "The conduct must be so outrageous 'as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Id*. "'Missouri case law reveals very few factual scenarios sufficient to support a claim for' intentional infliction of emotional distress." *Kan. City Laser, Inc. v. MCI Telecomms.*

*Corp.*, 252 F. App'x 100, 104 (8th Cir. 2007) (citation omitted). Plaintiff has failed to allege a submissible claim under this law and the Court grants the motion to dismiss.

**Count VII - Negligent Infliction of Emotional Distress**

Plaintiff's Negligent Infliction of Emotional Damage ("NIED") claim also fails because Plaintiff has failed to allege negligence, or any egregious conduct resulting in significant harm.

"In Missouri, a prima facie negligence claim requires a plaintiff to establish the following elements: (1) the defendant owed a duty of care to the plaintiff, (2) the defendant breached that duty, and (3) the defendant's breach proximately caused the plaintiff's injury." *McMahan v. Hawkeye Hotel, Inc.*, No. 20-00945-CV-W-GAF, 2022 WL 1736838, at *2 (W.D. Mo. Jan. 19, 2022). "The scope of that duty is measured by 'whether a reasonably prudent person would have anticipated danger and provided against it.'" *Goldblatt v. Herron*, No. 4:10-CV–1183-DGK, 2011 WL 3584794, at *1 (W.D. Mo. Aug. 15, 2011). The duty owed must be a legal duty. See *Couzens v. Donohue*, 854 F.3d 508, 518 (8th Cir. 2017). "A plaintiff claiming NIED must establish the elements of a general negligence claim and two additional elements: '1) that the defendant should have realized that his conduct involved an unreasonable risk of causing distress, and 2) that the emotional distress or mental injury must be medically diagnosable and must be of sufficient severity so as to be medically significant.'" *McMahan*, 2022 WL 1736838, at *5–6 (citation omitted). "[M]ere allegations of emotional distress do not show a 'medically significant' harm." *Id*.

Plaintiff does not allege that OpenAI was negligent or explain how OpenAI owes her a legal duty of care. Plaintiff provides no allegations that OpenAI breached a duty, what injury resulted, or how OpenAI should have anticipated danger from her normal use of a software tool. As a result, her claim fails. Further, Plaintiff's sole allegation that "Defendants breached duty of

9

care by disabling safety features during a 72-hour crisis thread, despite internal knowledge of intense emotional attachments" is conclusory and does provide any factual allegations to support this "claim." Because Plaintiff has not plead any facts in support of a claim for negligence this claim must is dismissed.

**Count VIII - Intrusion Upon Seclusion**

Plaintiff claims that Defendant's "[n]on-consensual data extraction intruded upon seclusion." Defendant argues this allegation is both nonsensical and conclusory. The Court agrees.

"To state an intrusion upon seclusion claim, a plaintiff must show: (1) the existence of a secret and private subject matter; (2) a right possessed by plaintiff to keep that subject matter private; and (3) the obtaining of information about that subject matter by defendant through some method objectionable to the reasonable person." *T.R. v. Clay-Platte Fam. Med., P.C.*, No. 24-cv-00704 SRB, 2025 WL 3143638, at *7 (W.D. Mo. Nov. 3, 2025) (citations omitted).

Here, Plaintiff alleges she willingly disclosed information to ChatGPT, which is an AI tool that works only when prompted by the end user. As alleged by Plaintiff, the information was voluntarily shared by Plaintiff herself. This is not objectionable to a reasonable person. Finally, the OpenAI Terms Of Use disclaims any guarantee that information input into ChatGPT will "be secure or not lost or altered." Plaintiff's one sentence conclusory claim is deficient, and the Court grants the motion to dismiss this claim.

**Count IX - Violation of Servicemembers Civil Relief Act**

Finally, Plaintiff claims that Defendant violated 50 U.S.C. § 3931 because "[t]he prolonged timeline (Dkt. 57) violates expedition mandate." Docket 57 refers to the Court's scheduling order.

First, there is no claim here as a matter of law because the statute does not provide any right of action, particularly against OpenAI. Further, Section 3931 merely provides that the Court

may not enter a default judgment against defendants who are members of the military. Plaintiff was not a defendant in any action filed by OpenAI, nor does she allege she is an active military service member. This statute therefore has no application to this case. The Court also dismisses this claim.

## CONCLUSION

Wherefore, for the reasons set forth herein, Plaintiff's Second Amended Complaint fails to state a claim and Defendant's Motion to Dismiss is **GRANTED.** The Court hereby **ORDERS** this case be dismissed with prejudice. Plaintiff's pro se motions are **DENIED as moot** based on the Court's ruling.

**IT IS SO ORDERED.**

DATED: June 2, 2026

_/s/ Douglas Harpool_
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**

11